## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

GWENEVERE TURNER, individually and
on behalf of all similarly situated individuals,

        Plaintiff,

NORTH AMERICAN DENTAL
MANAGEMENT LLC,

        Defendant.

Case No.:

**COMPLAINT - CLASS ACTION AND
COLLECTIVE ACTION**

**JURY TRIAL DEMANDED**

        COMES NOW Plaintiff Gwenevere Turner, by and through her undersigned attorneys, and hereby brings this Collective and Class Action Complaint against Defendant, North American Dental Management LLC, and states as follows:

## INTRODUCTION

        1.     This is a collective and class action brought by Plaintiff on behalf of herself and all similarly situated current and/or former Patient Service Representatives, and/or other job titles performing the same or similar job duties (collectively "PSRs"), employees of Defendant to recover for Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*

        2.     The U.S. Department of Labor ("DOL") recognizes that call center jobs, like the one held by Plaintiff, are homogenous and issued guidance to alert and condemn an employer's non-payment of an employee's necessary boot-up and call ready activities. *See* DOL Fact Sheet #64, attached hereto as Exhibit A at 2 ("An example of the first principal activity of the day for agents/specialists/representatives working in call centers includes starting the computer to download work instructions, computer applications and work-related emails."). Additionally, the

FLSA requires that "[a] daily or weekly record of all hours worked, including time spent in pre-shift and post-shift job-related activities must be kept." *Id.*

3.     Defendant subjected Plaintiff, and those similarly situated, to Defendant's policy and practice of failing to compensate its call center employees for their necessary boot-up and call ready work, which resulted in the failure to properly compensate them as required under applicable federal and state law.

4.     Plaintiff seeks a declaration that her rights, the rights of the FLSA Collective, and the rights of the Illinois Classes were violated and seeks to recover an award of unpaid wages and overtime premiums, liquidated damages, penalties, injunctive and declaratory relief, attorneys' fees and costs, pre- and post-judgment interest, and any other remedies to which she and the putative Collective and Classes may be entitled.

## JURISDICTION AND VENUE

5.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suits under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

7.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims arise from a common set of operative facts and are so related to the claims within this Court's original jurisdiction that they form a part of the same case or controversy.

8.     Defendant's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis. *See* 29 U.S.C. § 203(s)(1)(A).

9.     Defendant's employees, including Plaintiff, engage in interstate commerce—including, but not limited to utilizing telephone lines and Internet—and therefore, they are also covered by the FLSA on an individual basis.

10.     This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Pennsylvania and employs individuals in Pennsylvania.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District, a substantial part of the events or omissions giving rise to the claims herein occurred in this District, and Defendant is subject to the Court's personal jurisdiction in this District.

## PARTIES

12.     Plaintiff is an individual who resides in Illinois. Plaintiff worked for Defendant as a Patient Service Representative from October 2023 to April 2024. Plaintiff executed her Consent to Sue form, attached hereto as Exhibit B.

13.     Defendant is an Ohio company with its principal place of business in Pennsylvania.

14.     Defendant is a dental services organization that provides non-clinical administrative services to more than 240 affiliated dental practices across 15 states. *See About Us*, North American Dental Group, https://nadentalgroup.com/about-us.

15.     Defendant employs Patient Service Representatives, and/or other job titles performing the same or similar job duties in Illinois, Georgia, Pennsylvania, and other states. *See* Job Postings, attached hereto as Exhibit C.

16.     Defendant may accept service via Corporation Service Company at 5235 North Front Street, Harrisburg, PA 17110.

## GENERAL ALLEGATIONS

17.    Defendant employed Plaintiff as an hourly Patient Service Representative. Defendant assigns PSRs, like Plaintiff, to receive inbound calls from Defendant's patients.

18.    Plaintiff's primary job duties as a PSR included answering calls from patients seeking to schedule appointments and seeking to communicate with dental providers.

19.    Throughout Plaintiff's employment with Defendant, Plaintiff regularly worked at least 40 hours per workweek.

20.    Regardless of whether Defendant scheduled Plaintiff to work a workweek totaling under 40 hours, a workweek totaling 40 hours, or a workweek totaling in excess of 40 hours, Plaintiff regularly worked a substantial amount of time off-the-clock as part of her job duties as a PSR. Defendant never compensated Plaintiff for this necessary time worked off-the-clock.

21.    29 C.F.R. § 790.8 states "[a]mong activities included as an integral part of a principal activity are those closely related activities which are indispensable to its performance."

### A.    *Unpaid Boot-Up and Call Ready Work.*

22.    Defendant tasked Plaintiff with providing customer service on behalf of Defendant's patients by use of Defendant's equipment, including its computer, telephone, and computer programs.

23.    To access Defendant's systems, Plaintiff, and all other current and/or former PSRs, must turn on or wake up their computers, enter their credentials, and then log in to multiple computer programs, servers, and applications.  Once this boot-up and call ready work is completed, Plaintiff, and all other current and/or former PSRs, must log in to Defendant's phone system to take their first call at their scheduled shift start time.

24.     Defendant does not compensate Plaintiff, and all other current and/or former PSRs, until they have clocked into the timekeeping program accessible on Defendant's computer.

25.      The boot-up and call ready work regularly takes up to 10 minutes per shift, or more if technical issues arise. Defendant did not compensate Plaintiff for this time.

26.     Regardless of how long the boot-up and call ready work takes, Defendant did not allow Plaintiff, and all other current and/or former PSRs, to clock in before completing all boot-up and call ready work.

27.     The boot-up and call ready work Plaintiff, and all other current and/or former PSRs, must complete before they begin being compensated is the same regardless of where they worked.

28.     The boot-up and call ready procedure is integral and indispensable to the performance of Plaintiff's principal job duties and integral and indispensable to Defendant's business.

29.     Thus, the unpaid boot-up and call ready work performed by Plaintiff, and all other current and/or former PSRs, directly benefits Defendant.

**B.      Defendant's Policy and Practice of Off-the-Clock Work Violates Federal and Illinois State Law.**

30.     At all times relevant, Defendant suffered or permitted Plaintiff, and all other current and/or former PSRs, to routinely perform off-the-clock boot-up and call ready work by not compensating its employees until after they completed the boot-up and call ready procedure.

31.     Defendant knew or should have known that it must pay its employees for all compensable time throughout the workweek. *See* 29 C.F.R. §§ 553.221, 790.8, 785.19(a).

32.     Despite this, Defendant failed to compensate Plaintiff, and all other current and/or former PSRs, for their compensable boot-up and call ready work performed in any amount.

33.     Defendant knew, or should have known, that the FLSA, 29 U.S.C. § 207, requires Defendant to compensate non-exempt employees who work in excess of 40 hours in a workweek at a rate of one and one-half times their regular rate of pay—including the compensable boot-up and call ready work performed.

34.     Despite this, Defendant failed to compensate Plaintiff, and all other current and/or former PSRs, for their boot-up and call ready work performed in excess of 40 hours in a workweek at one and one-half times their regular rates of pay.

35.     For example, during the pay period of March 3, 2024 to March 16, 2024, Defendant paid Plaintiff for over 40 hours of work. However, the hours Defendant paid Plaintiff did not include the boot-up and call ready work as alleged herein. Had Defendant properly paid Plaintiff for all hours worked during this pay period, then it would have paid her additional overtime wages equal to the uncompensated boot-up and call ready work.

36.     Defendant is aware of each and every workweek Plaintiff was scheduled and worked for more than 40 hours because Defendant's own payroll records reflect the number of hours it paid Plaintiff.

37.     Defendant is aware of Plaintiff's regular hourly rate for each and every workweek Plaintiff worked because Defendant's own payroll records reflect the hourly rate it paid Plaintiff. For example, Plaintiff's hourly rate for the exemplar week noted above was $17.00 per hour.

38.     Despite this, Defendant failed to compensate Plaintiff, and all other current and/or former hourly PSRs working in Defendant's call center for their compensable boot-up and call ready work performed in workweeks totaling less than 40 hours and in workweeks totaling in excess of 40 hours at the proper rates, including overtime premiums.

39.     In reckless disregard of the FLSA and Illinois state law, Defendant adopted and then adhered to its policy, plan, or practice of employing Plaintiff, and all other current and/or former PSRs, to perform compensable boot-up and call ready work off-the-clock. This illegal policy, plan, or practice caused incorrect payments for all straight time and overtime performed by Plaintiff, and all other current and/or former PSRs, in violation of the FLSA and Illinois state law.

### C.     *Recordkeeping.*

40.     29 C.F.R § 516.1 subjects "every employer subject to any provisions of the Fair Labor Standards Act" to maintain employee records.

41.     Federal regulations mandate each employer to maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek. *See* 29 C.F.R § 516.2.

42.     Illinois wage and hour laws require that "[e]very employer subject to any provision of [the IMWL] or of any order issued under [the IMWL] shall make and keep for a period of not less than 3 years, true and accurate records of the name, address and occupation of each of his employees, the rate of pay, and the amount paid each pay period to each employee, the hours worked each day in each work week by each employee, and such other information" 820 ILCS 105/8.

43.     Upon information and belief, Defendant failed to establish, maintain, and preserve accurate timesheet and payroll records for all hours worked by Plaintiff as required by the FLSA and Illinois state law because it failed to include the off-the-clock boot-up and call ready work on Plaintiff's and all other current and/or former PSRs' payroll records.

44.     When the employer fails to keep accurate records of the hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946) controls. That rule states:

> [w]here the employer's records are inaccurate or inadequate . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

45.     The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer to reap the benefits of the employees' labors without proper compensation as required by the FLSA. Where damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with . . . the Act." *Id.*

## COLLECTIVE ACTION ALLEGATIONS

46.     Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b) individually and on behalf of:

> **All current and former Patient Service Representatives, and/or other job titles performing the same or similar job duties, who worked for North American Dental Management, LLC at any time in the last three years.**

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition as necessary.[1]

---

[1] Plaintiff specifically reserves the right to amend the definition and/or include subclasses related to whether an employee worked in a physical call center, remotely, or in a hybrid environment.

47.    Plaintiff does not bring this action on behalf of any executive, administrative, or professional employees exempt from coverage under the FLSA.

48.    *29 U.S.C. § 216(b) Conditional Certification "Similarly Situated" Standard:* With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because, under 29 U.S.C. § 216(b), the call center employees described are "similarly situated" to Plaintiff. The group of employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policies, or plan (namely, Defendant's practices, policies, or plan of not paying its PSR employees for their compensable work performed in excess of 40 hours per workweek at an overtime premium of at least one and one-half times their regular rates of pay); (c) their claims are based upon the same legal theories; and (d) the employment relationship between Defendant and every putative FLSA Collective member is exactly the same, and differs only by name, location, and rate of pay.

49.    Upon information and belief, Plaintiff estimates the FLSA Collective, including both current and former call center employees over the relevant period, will include several hundred members who would benefit from the issuance of court-supervised notice of this action and the opportunity to join it. The precise number of the FLSA Collective members should be readily available from a review of Defendant's personnel, scheduling, time, and payroll records; and from input received from the FLSA Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

50.    Plaintiff shares the same interests as the FLSA Collective members in that the outcome of this action will determine whether they are entitled to unpaid overtime compensation, interest, attorneys' fees and costs owed under the FLSA. Because the facts in this case are similar,

if not altogether identical, and the factual assessment and legal standards lend themselves to a collective action.

## ILLINOIS WAGE AND HOUR LAW CLASS ACTION ALLEGATIONS

51.    Plaintiff brings this action pursuant to Fed. R. Civ. P. 23 on behalf of putative Classes under the IMWL and IWPCA defined to include:

> **All current and former Patient Service Representatives, and/or other job titles performing the same or similar job duties, who worked for North American Dental Management, LLC in Illinois at any time in the last three years.**

(hereinafter referred to collectively as the "Illinois Classes"). Plaintiff reserves the right to amend this definition as necessary.[2]

52.    *Numerosity:* The members of the Illinois Classes are so numerous that joinder of all members in the case would be impracticable, and the disposition of their claims as a class will benefit the parties and the Court. The precise number of members of the Illinois Classes should be readily available from a review of Defendant's personnel and payroll records.

53.    *Commonality/Predominance*: There is a well-defined community of interest among members of the Illinois Classes and common questions of both law and fact predominate in the action over any questions affecting individual members. These common legal and factual questions include, but are not limited to, the following:

a.    Whether Defendant violated the IMWL and IWPCA by failing to pay current and former employees for all wages earned;

b.    The proper measure of damages sustained by the Illinois Classes.

54.    *Typicality*: Plaintiff's claims are typical of those of the Illinois Classes in that Plaintiff and all other members suffered damages as a direct and proximate result of Defendant's

---

[2] Plaintiff specifically reserves the right to amend the definition and/or include subclasses related to whether an employee worked in a physical call center, remotely, or in a hybrid environment.

common and systemic payroll policies and practices. Plaintiff's claims arise from Defendant's same policies, practices, and course of conduct as all other Illinois Class members' claims and Plaintiff's legal theories are based on the same legal theories as all other Illinois Class members: whether all members of the Illinois Class were employed by Defendant on an hourly basis without receiving compensation for all wages earned.

55.     *Adequacy*: Plaintiff will fully and adequately protect the interests of the Illinois Classes and Plaintiff retained national counsel who are qualified and experienced in the prosecution of wage and hour collective and class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Illinois Classes.

56.     *Superiority*: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, it is economically infeasible for members of the Illinois Classes to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual. Given the material similarity of the Illinois Class members' claims, even if each member of the Illinois Classes could afford to litigate a separate claim, this Court should not countenance or require the filing of hundreds or thousands of identical actions. Individual litigation of the legal and factual issues raised by Defendant's conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a class action would permit the efficient supervision of the putative class claims, create significant economies of scale for the Court and the parties, and result in a binding, uniform adjudication on all issues.

57.     The case will be manageable as a class action. Plaintiff and her counsel know of no unusual difficulties in the case and Defendant's payroll systems will allow the class, wage, and damages issues in the case to be resolved with relative ease. Because the elements of Rule 23(b)(3),

or in the alternative (c)(4), are satisfied in the case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue her claim as a class action").

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, U.S.C. § 201, *et seq.*, FAILURE TO PAY OVERTIME WAGES (FLSA Collective)

58.     Plaintiff individually and on behalf of the proposed FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

59.     At all times relevant to this action, Defendant was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*

60.     Defendant is engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

61.     At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

62.     Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

63.     The position of Patient Service Representative is not exempt from the FLSA.

64.     Defendant's other job titles performing similar call center job duties are not exempt from the FLSA.

65.     At all times relevant to this action, Defendant "suffered or permitted" Plaintiff to work and thus "employed" her within the meaning of the FLSA, 29 U.S.C. § 203(g).

66.     The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of 40 hours per workweek. *See* 29 U.S.C. § 207.

67.     Defendant violated the FLSA by failing to pay Plaintiff the federally mandated overtime premium for all hours worked in excess of 40 hours per workweek.

68.     Upon information and belief, Defendant has corporate policies of evading overtime pay for its hourly workers.

69.     Defendant's violations of the FLSA were knowing and willful.

70.     By failing to compensate its hourly workers at a rate not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a). All similarly situated Patient Service Representatives, or other job titles performing the same or similar job duties, are victims of a uniform and company-wide enterprise which operates to compensate employees at a rate less than the federally mandated overtime wage rate. This uniform policy, in violation of the FLSA, has been, and continues to be, applied to Patient Service Representatives, or other job titles performing the same or similar job duties, who have worked or are working for Defendant in the same or similar position as Plaintiff.

71.     None of the provisions of the FLSA can be contravened, set aside, abrogated, or waived by Plaintiff or the Collective.

72.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to their unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

## COUNT II

**VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW ("IMWL")**
**820 ILCS 105/1, *et seq.***
**(IMWL Class)**

73.     Plaintiff, individually and on behalf of the proposed IMWL Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

74.     Plaintiff and members of the IMWL Class are current and former employees of Defendant within the meaning of 820 ILCS 105/3(d).

75.     Defendant at all relevant times was an employer within the meaning of 820 ILCS 105/3(c).

76.     The position of Patient Service Representative is not exempt under the IMWL.

77.     Defendant's other job titles performing similar call center job duties are not exempt from the IMWL.

78.     The IMWL requires every employer to pay overtime wages or a workweek of more than 40 hours at a rate not less than 1 1/2 times the regular rate at which an employee is employed. 820 ILCS 105/4a.

79.     Defendant violated the IMWL by failing to pay Plaintiff and the IMWL Class the state mandated overtime premium for all hours worked in excess of 40 hours per workweek.

80.     None of the provisions of the IMWL can be contravened, set aside, abrogated, or waived by Plaintiff or the IMWL Class.

81.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the IMWL Class have suffered damages in an amount to be determined at trial.

82.     If any employee is paid by their employer less than the wage to which they are entitled under the provisions of the IMWL, the employee may recover in a civil action treble the

amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. 820 ILCS 105/12(a).

83.    Plaintiff and the IMWL Class seek damages as set forth in 820 ILCS 105/12(a) and such other legal and equitable relief as the Court deems proper.

**COUNT III**

**VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
("IWPCA")
820 ILCS 115/1, *et seq.*
(IWPCA Class)**

84.    Plaintiff, individually and on behalf of the proposed IWPCA Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

85.    Plaintiff and members of the IWPCA Class are current and former employees of Defendant within the meaning of 820 ILCS 115/2.

86.    Defendant at all relevant times was an employer within the meaning of 820 ILCS 115/2.

87.    For all employees, other than separated employees, "wages" are defined as any compensation owed an employee by an employer pursuant to an employment contract or agreement between the parties, whether the amount is determined on a time, task, piece, or any other basis of calculation. 820 ILCS 115/2.

88.    Payments to separated employees are termed "final compensation" and are defined as wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the parties. 820 ILCS 115/2.

89.     Upon information and belief, Plaintiff and the IWPCA Class received an offer letter, or other form of documentation, stating their title and a particular wage at which they would be paid.

90.     Plaintiff and the IWPCA Class were hired at various times. Defendant offered to pay Plaintiff and the IWPCA Class certain rates per hour for each hour worked as a PSR. Each IWPCA Class members' contractual hourly rate is identified in paystubs and other records that Defendant prepares as part of its regular business activities.

91.     Plaintiff and the IWPCA Class accepted the offer and worked for Defendant as PSRs, and/or other job titles performing the same or similar job duties.

92.     Plaintiff and the IWPCA Class also accepted the offer by their performance—i.e., reporting for work and completing the tasks assigned to them.

93.     Plaintiff's duties, and the duties of the IWPCA Class, required boot-up and call ready work.

94.     Plaintiff and every IWPCA Class member performed under their contract by doing their jobs in addition to carrying out the boot-up and call ready duties Defendant required.

95.     Defendant does not compensate its PSRs, and/or other job titles performing the same or similar job duties, until after the boot-up and call ready procedure is complete.

96.     Despite being required to complete these integral boot-up and call ready duties, Plaintiff and the IWPCA Class were not compensated at their hourly rate for their work performed.

97.     By failing to pay Plaintiff and the IWPCA Class for the boot-up and call ready work, Defendant breached its contract with Plaintiff and the IWPCA Class to pay their hourly rate for each hour worked.

98.     In sum, the facts set forth above establish the following elements and terms of the contract:

    a.    Offer: a set hourly rate for each hour worked as a PSR;

    b.    Acceptance: Plaintiff and the IWPCA Class accepted the offer overtly or via performance (i.e., each showed up to work and completed the tasks assigned to them by Defendant);

    c.    Breach: Defendant did not pay Plaintiff and the IWPCA Class for each hour (or part thereof) worked; and

    d.    Damages: By failing to pay Plaintiff and the IWPCA Class their hourly rate for each hour worked, Plaintiff and the IWPCA Class were damaged in an amount to be determined at trial.

99.     The IWPCA requires every employer to pay every employee all wages earned. 820 ILCS 115/3 to 115/5.

100.     Defendant violated the IWPCA by regularly and repeatedly failing to compensate Plaintiff and the IWPCA Class their straight-time and overtime compensation pursuant to the Parties' contract, thereby failing to pay Plaintiff and the IWPCA Class all wages and final compensation earned within the time period permitted by the IWPCA.

101.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the IWPCA Class have suffered damages in an amount to be determined at trial.

102.     Any employee not timely paid wages, final compensation, or wage supplements by their employer as required by the IWPCA shall be entitled to recover through a civil action the amount of any such underpayments and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. The employee shall also recover costs and all reasonable attorney's fees. 820 ILCS 115/14.

103.     Plaintiff and the IWPCA Class seek damages as set forth in 820 ILCS 115/14 and such other legal and equitable relief as the Court deems proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

a.    An Order authorizing notice to putative collective members in accordance with 29 U.S.C. § 216(b) and with respect to the FLSA claims set forth above;

b.    An Order compelling Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, and email addresses of all those individuals who are similarly situated, and permitting Plaintiff to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential collective and class members of their rights under this litigation;

c.    An Order certifying the IMWL Class and IWPCA Class pursuant to Fed. R. Civ. P. 23;

d.    An Order designating Plaintiff to act as the Class Representative on behalf of the FLSA Collective, IMWL Class, and the IWPCA Class;

e.    An Order declaring that Defendant willfully violated the FLSA and its attendant regulations as set forth above;

f.    An Order declaring that Defendant violated its obligations under the FLSA;

g.    An Order declaring that Defendant violated its obligations under the IMWL;

h.    An Order declaring that Defendant violated its obligations under the IWPCA;

i.    An Order granting judgment in favor of Plaintiff and the FLSA Collective against Defendant and awarding the amount of unpaid wages, and overtime pay calculated at the rate of one and one-half (1.5) of Plaintiff's and the Collective's regular rate multiplied by all hours that Plaintiff and the Collective worked in excess of 40 hours per week;

j.    An Order granting judgment in favor of Plaintiff and the IMWL Class and against Defendant and awarding the amount of unpaid overtime wages, including treble damages;

k.    An Order granting judgment in favor of Plaintiff and the IWPCA Class and against Defendant and awarding the amount of unpaid straight-time wages calculated at Plaintiff's and the IWPCA Class member's regular rate of pay;

l.      An Order awarding liquidated damages to Plaintiff and the FLSA Collective in an amount equal to the amount of unpaid overtime wages found owing to Plaintiff and the Collective under the FLSA;

m.      An Order awarding any damages or penalties permitted by Illinois state statute beyond unpaid wages on behalf of the IMWL Class and IWPCA Class;

n.      An Order awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action;

o.      An Order awarding pre- and post-judgment interest to Plaintiff on these damages; and

p.      An Order awarding such further relief as this court deems appropriate.

## **JURY DEMAND**

NOW COMES Plaintiff, by and through her undersigned attorneys, and hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated: May 8, 2025                                    Respectfully submitted,

Kenneth Jay Grunfeld (PA Bar # 84121)
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
65 Overhill Road
Bala Cynwyd, PA 19004
T: 954-525-4100
E: grunfeld@kolawyers.com

*Local Counsel for Plaintiff*

Jacob R. Rusch (MN Bar No. 0391892)*
Zackary S. Kaylor (MN Bar No. 0400854)*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
Saint Paul, MN 55101
T: 612-436-1800
F: 612-436-1801

19

E: jrusch@johnsonbecker.com
E: zkaylor@johnsonbecker.com

*Lead Attorneys for Plaintiff*

*\*Pro Hac Vice forthcoming*